**CASTELLANI LAW FIRM, LLC**
David R. Castellani, Esquire - ID #: 023691991
450 Tilton Road, Suite 245
Northfield, New Jersey 08225
(609) 641-2288
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| THERESA TRIOLA, <br><br>                 Plaintiff(s), <br> -vs- <br><br><br> AFSCME NEW JERSEY COUNCIL 63, <br> AFSCME NEW JERSEY STAFF <br> ASSOCIATION, DEBBIE PARKS, <br> STEPHEN TULLY and JOHN DOES 1-10, <br><br>                 Defendant(s) | Civil Action No. <br><br> DOCKET NO.:  ATL-L <br><br><br> **COMPLAINT** |

Plaintiff, Theresa Triola, residing in the County of Atlantic and State of New Jersey, by way of Complaint against the Defendants, says:

1. This Court's jurisdiction of Plaintiff's claims for relief herein pursuant to §28 U.S.C., §1331 and 1337(a), 29 U.S.C. §301, §411(a)(1) and 101(a)(1) of the Labor Management Relation Act and Labor and Management Reporting and Disclosure Act.  The Court also has jurisdiction of the Plaintiff's other claim for relief pursuant to the Court's pendent and ancillary jurisdiction.

## FIRST COUNT

1. Plaintiff Theresa Triola was and is a citizen and resident of the County of Atlantic and State of New Jersey.

2. The Defendant, AFSCME New Jersey Council 63 was and is a labor organization and union and is the bargaining representative of the many municipal and state government employees.

3. The Defendant, AFSCME New Jersey Staff Association was and is a labor association representatives unit for staff members and employees of the Defendant AFSCME New Jersey Council 63, including the Plaintiff, Theresa Triolo, herein.

4. At all times mentioned herein, Plaintiff Theresa Triolo was an employee of the Defendant AFSCME New Jersey Council 63 in the position of a negotiator/staff representative.

5. In 2015, the Plaintiff was employed as a negotiator/staff representative for AFSCME Council 71. Shortly thereafter, the International Union of AFSCME merged four councils in the State of New Jersey into an entity known as an "Organizing Committee".

6. In or around May 19, 2018, the Defendant AFSCME New Jersey Council 63 became the employer of the Plaintiff, Theresa Triola. Plaintiff was also a member of Defendant AFSCME as well as an employee.

7. Defendant, Debbie Parks, was at all times mentioned herein, the direct supervisor of the Plaintiff, Theresa Triolo and held the title of Associate Director of Council 63 and the International Vice President of the region.

8. In 2018, when Plaintiff returned to work from a leave of absence, she was requested to sign a piece of paper indicating that she received the personnel manual, however, she never received or was given the same by the Defendants.

9. After returning from a leave of absence in 2018, Plaintiff was assigned as the staff representative/negotiator to Local 3441 AFSCME labor union which represented employees of the Camden Housing Authority. As part of her position with the Defendant Council 63, Plaintiff

filed grievances on behalf of the five AFSCME union members who were terminated from their positions with the Camden Housing Authority.

10. In or around March and/or April 2019, Norman Lee the President of Camden Local 3441, the Union representing Camden Housing Authority employees and the Plaintiff, who was assigned to represent the 3441 terminated employees as the staff representative for Defendant AFSCME New Jersey Counsel 63 had a discussion relating to the scheduling of a "job action" to take place within the Camden City Council for purposes of protesting and contesting the termination of the five Camden Housing Authority employees for which Plaintiff filed grievances and was representing in her capacity as a staff representative for the Defendant AFSCME New Jersey Council 63.

11. A "job action" is a form of a temporary show of dissatisfaction by employees for purposes of protesting certain conduct or actions of the employer including bad working conditions, low pay, and termination of employees with the intent to increase bargaining power with the employer and to attempt to enforce compliance with union members demands by the employer.

12. Thereafter, Plaintiff Theresa Triolo spoke with her supervisor, Defendant Debbie Parks, concerning the scheduling of the job action she intended to hold on behalf of the Camden Housing Authority employees whom she represented and provided Defendant Parks with the date of May 14, 2019 as a date she intended to schedule the same. Defendant Parks approved Plaintiff's request to schedule the job action on May 14, 2019 and indicated to the Plaintiff that that would not be a problem as long as it did not occur until after the convention.

13. As a result of the Plaintiff's conversation with her supervisor, Defendant Debbie Parks, Plaintiff sent an email to her supervisors within her chain of command within the

Defendant AFSCME Council 63 scheduling the job action on behalf of the Camden Housing Authority employees.

14. Thereafter, at a Union rally in Trenton New Jersey, the Plaintiff had a conversation with Ron McMullen, the State Board President of AFSCME, who indicated and directed the Plaintiff to place himself and Defendant Stephen Tully, the Executive Director of Defendant AFSCME New Jersey Council 63 on the emails relating to the scheduling of the job action at the City Council Plaintiff had scheduled. Plaintiff did as Board President McMullen had directed at the Trenton labor rally.

15. Plaintiff attended and organized the job action on behalf of the Camden Housing Authority employees at the Camden City Hall on May 14, 2019 which was successful in conveying the message to the Camden City Council on behalf of the Camden Housing Authority employees that the Plaintiff had represented and who were terminated.

16. Immediately following the completion of the job action at Camden City Hall, Plaintiff received an email on May 16, 2019 directing her to set up an investigative interview concerning her "conduct in setting up the job action".

17. On May 22, 2019, the Plaintiff was interviewed by Defendant Debbie Parks and another supervisor, Bob Little, Chief Field Representative, with the presence of one of Plaintiff's union colleagues. Yolanda Lawson.

18. Thereafter, on June 7, 2019, Plaintiff received a letter from Defendant Stephen Tully, Executive Director of the Defendant AFSCME New Jersey Counsel 63 imposing upon the Plaintiff the disciplinary action of a five (5) day suspension for insubordination and allegedly going around Plaintiff's supervisor, Defendant Debbie Parks, in scheduling the job action and for the filing of a PERC arbitration on behalf of other public employees from Pennsauken who

Plaintiff represented with the approval of the Plaintiff's one supervisor, Field Representative Bob Little, however, before Defendant Parks, Plaintiff's direct supervisor, could approve the same given that only hours remained left to timely file for the PERC Arbitration on behalf of the employees Plaintiff represented.

19. Plaintiff and Plaintiffs bargaining unit Association, Defendant AFSCME New Jersey Staff Association filed a grievance on Plaintiff's behalf relating to the five day disciplinary suspension of the Plaintiff.

20. Pending the outcome of the grievance Plaintiff filed contesting the five day suspension, Plaintiff communicated with the State Executive Board President, Ron McMullen, and other board members concerning the propriety and legality of the suspension and her objections with the same and her reasonable belief that the same was retaliatory in nature for her representation of the public employees and asserting her right to collectively bargain on behalf of the same protected under New Jersey's Constitution Article 1, Section 18 and 19.

21. Thereafter, Plaintiff received another email from Defendant Steve Tully, Executive Director of Defendant AFSCME Counsel 63, scheduling yet another investigative interview concerning her contact of the Board President and other board members questioning the legality propriety and retaliatory nature of her suspension.

22. On or about June 27, 2019, the Plaintiff was interviewed by Defendant Tully and Defendant Parks relating to her alleged contact of the board members and others questioning the legality and the propriety of the disciplinary suspension and acted against her by Defendant Tully. The interview was conducted without union representation.

23. Thereafter, on July 1, 2019, Defendant Tully directed another disciplinary notice to the Plaintiff informing her that she was being terminated from employment with Defendant

Local Council 63 for her contact with the board members and for her allegedly going around the grievance policy for Defendant AFSCME Council 63, which Plaintiff was never provided with a copy of same.

24. Thereafter, Plaintiff and the Plaintiff's bargaining association, Defendant AFSCME New Jersey Staff Association, filed a grievance in relation to her termination from employment pursuant to the policies and procedures and contract/bargaining agreement between Defendant AFSCME New Jersey Council 63 and the Defendant AFSCME New Jersey Staff Association.

25. On August 1, 2019, Defendant Stephen Tully, the Executive Director of the Defendant AFSCME New Jersey Council 63 denied the Plaintiff's grievance and upheld his previous decision to terminate the Plaintiff's employment with Defendant Counsel 63.

26. Plaintiff requested Defendant AFSCME New Jersey Staff Association, her bargaining unit, to proceed to file for arbitration in relation to her suspension and termination from employment with Defendant the AFSCME Council 63.

27. On August 20, 2019, Plaintiff received an email from the Defendant AFSCME New Jersey Staff Association indicating that they were not proceeding to file for arbitration on behalf of the Plaintiff.

28. As a result of her termination from employment, Plaintiff was caused to forfeit her membership in the AFSCME New Jersey union and the Defendant AFSCME New Jersey Staff Association, losing all of her rights and benefits attendant thereto.

29. The Defendant AFSCME New Jersey Council 63, at the time of Plaintiff's employment, suspension and termination, maintained a Constitution for membership and employees.

30. Within the AFSCME New Jersey Council 63 Constitution, it contained a Bill of Rights indicating that no person eligible for membership in the union should be denied membership on the basis of race, creed, color, national origin, sex and sexual orientation, disability or political belief.

31. The Constitution for defendant AFSCE New Jersey Council 63 Bill of Rights also indicated that no member should suffer an impairment of freedom of speech concerning the operations of the union.

32. It is further alleged that the union's decision to not proceed to arbitration on behalf of the Plaintiff was a pattern and practice of the Defendant AFSCME New Jersey Staff Association of depriving the Plaintiff and other members of their bargained for representation at arbitration that she was guaranteed under the terms of the Association's agreement with the Defendant AFSCME New Jersey Council 63 and AFSCME New Jersey Staff Association.

33. In filing the grievances on behalf of the Plaintiff concerning the 5 day suspension and the plaintiff's termination from employment protesting her wrongful discharge and breach of the collective bargaining agreement, the Defendant AFSCME New Jersey Staff Association undertook the responsibility to provide plaintiff with good faith representation including the investigation and processing plaintiff's meritorious claims to conclusion including arbitration.

34. The Defendant AFSCME New Jersey Staff Association, its agents, servants and employees, arbitrarily and capriciously failed to adequately investigate, process and present and argue Plaintiff's grievances up through and including a binding arbitration handling the same in a grossly negligent and perfunctory manner and in failing to represent the Plaintiff and leaving Plaintiff without representation in failing to file for arbitration under the terms of the Association's contract with the defendant AFSCME Council 63.

35. The Defendant AFSCME New Jersey Staff Association breached the duty owed to Plaintiff of fair representation under the terms of the collective bargaining agreement in failing to adequately investigate, process and present her grievances up through and including an arbitration with express knowledge that the Plaintiff had meritorious claims and that her suspension and termination were not for just cause and violated the terms of the Association bargaining contract with the Plaintiff's employer, Defendant AFSCME New Jersey Council 63. Defendants were further arbitrary, capricious, unreasonable and invidious in failing to process Plaintiff's grievances up through and including a binding arbitration.

36. The Defendant AFSCME New Jersey Council 63, terminated the Plaintiff's employment without just cause and the breach of the Association's bargaining contract with Defendant AFSCME New Jersey Council 63 and in retaliation for the Plaintiff asserting rights of the public employees she represented as a union negotiator and a field representative protected under the New Jersey Constitution Article 1, Section 18 and 19 and for complaining and/or objecting to her disciplinary suspension as illegal, in violation of public policy and as violative of her rights and duties as a representative of the public employee unions to provide effective representation by the filing of grievances on their behalf protected under the New Jersey Constitution.

37. Plaintiff brings the First Count of the Complaint pursuant to the Labor Management Relations Act, Section 301 for a breach of duty of fair representation by the Defendant AFSCME New Jersey Staff Association and the breach of the collective bargaining contract with Plaintiff's Association by the Defendant AFSCME New Jersey Council 63 in terminating Plaintiff without just cause.

38. Plaintiff also alleges and contends that the Defendant AFSCME New Jersey Council 63 breached their own Constitution in disciplining and terminating the Plaintiff from employment for the exercise of rights contained within the Constitution, including the right to freedom of speech concerning the operations of the union and union affairs and her right to conduct union affairs free of the employer domination, all in violation of the Labor Management Relations Act, Section 301 and the Labor Management Disclosure and Reporting Act Bill of Rights and for asserting the rights of employees protected under the Labor Management Relations Act and Labor Management Disclosure Reporting Act to freedom of speech assembly.

39. Furthermore, Plaintiff alleges the Defendant AFSCME New Jersey Staff Association's decision not to submit Plaintiff's grievance to arbitration was based upon union politics, personality, industry politics, ex parte considerations unrelated to the evidence as to deprive Plaintiff and other union members of the rudiments of due process and of their rights under the labor agreement.

40. As a direct and proximate result of the Defendant's breach of the duty of fair representation and the breach of the contract and the Constitution Article 1 Bill of Rights of the Defendant AFSCME New Jersey Council 63, Plaintiff was wrongfully discharged from her employment, suffered a loss of substantial past and future wages and benefits, pension rights and other viable job rights and will continue to suffer such losses and Plaintiff has been unable to find work. Plaintiff has also suffered emotional distress, mental anguish, humiliation and embarrassment, shock, damage or her personal and business reputation and such other damages all to her detriment.

Wherefore, Plaintiff demands judgment on this Count, jointly, severally and in the alternative for compensatory damages, including the loss of past and future wages, equitable

remedy of reinstatement of employment, attorney's fees, punitive damages and such other relief as the court deems just and proper.

## SECOND COUNT

1. Plaintiff repeats the allegations set forth in the First Count of this Complaint as if fully set forth herein at length.

2. The actions of Defendants Stephen Tully and Defendant AFSCME New Jersey Council 63 in suspending the Plaintiff and then terminating her employment in retaliation for Plaintiff's assertion of an act and/or exercise of rights to represent and to provide effective representation to public employees in the collective bargaining process, including the processing of grievances and processing of the job actions on behalf of public employees protected under New Jersey's Constitution Article 1, Section 18 and 19, affording public employees the right to union representation for the purpose of collectively bargaining and filing grievances, protected under the New Jersey Employer-Employee Relations Act, New Jersey PERC statutes and the right to freedom of speech, association and assembly protected under the New Jersey Constitution as well as the right to petition the government for the regress of grievances.

3. The New Jersey Constitution, the Employee-Employer Relations Act and the New Jersey PERC laws and regulations are undisputedly all sources of public policy.

4. The Defendant's actions in suspending and terminating the Plaintiff constituted a wrongful termination in violation of public policy pursuant to Pierce v. Ortho Pharmaceuticals.

5. Defendant Parks and Tully are employees of Defendant AFSCME Council 63 and as such, AFSCME Council 63 is vicariously liable for the conduct of their agents, servants or employees

6. As a direct and proximate result of the actions of the Defendant in wrongfully terminating the Plaintiff's employment, Plaintiff was caused to suffer a loss of past and future wages, emotional distress, mental anguish, embarrassment, shock, humiliation, damage to personal and business reputation and such other damages all to her detriment.

Wherefore, Plaintiff demands judgment against the defendant AFSCME New Jersey Council 63, Stephen Tully and Debbie Parks, jointly, severally and in the alternative for damages, punitive damages, attorney's fees and costs of suit, and such other relief as the Court deems just and proper.

## THIRD COUNT

1. Plaintiff repeats the allegations set forth in the First and Second Counts of the Complaint as if fully set forth herein at length.

2. The conduct of the Plaintiff in filing the PERC Arbitration for the public employees she represented and scheduling and attending the "job action" on behalf of the Camden Housing Authority employees and complaining of the violation of those employees' rights under the Labor Laws in the State of New Jersey, including the Employer-Employee Relations Act and the New Jersey Constitution and in complaining of her supervisor's illegal conduct to the E Board Members of the union, all constituted protected conduct under the New Jersey Conscientious Employee Protection Act N.J.S.A. 34:19-1 et seq., 34:19-3 and 34:19-1 et. seq.

3. The Defendants and each of them, AFSCME New Jersey Council 63, Debbie Parks and Steven Tully intentionally and deliberately disciplined the plaintiff in suspending her for five (5) days and thereafter terminated her employment in retaliation for her filing the PERC Arbitration on behalf of the public employees she represented and for the scheduling in attendance of the "job action" on behalf of the Camden Housing Authority employees and

Laws including the Employer-Employee Relations Act and the New Jersey Constitution, thereby constituting a violation of the New Jersey Conscientious Employee Protection Act.

4. As a direct and proximate result of these Defendants retaliatory actions in violation of CEPA set forth above, the Plaintiff was wrongfully disciplined and eventually terminated from her employment with the Defendant AFSCME New Jersey Council 63 suffered a loss of substantial past and future wages and benefits, emotional distress and mental anguish, embarrassment, shock, humiliation, damage of her personal and business reputation and such other damages all to her detriment.

4. The Defendants' actions taken against the Plaintiff set forth above were intentional, deliberate and calculated to cause the Plaintiff harm and, as such, the Plaintiff is entitled to an award of punitive damages.

Wherefore, Plaintiff demands judgment against the Defendants, jointly, severally and in the alternative, for damages, punitive damages, attorney's fees and costs of suit and such other relief as the Court deems just and proper.

CASTELLANI LAW FIRM, LLC

By: _____
         David R. Castellani

Dated:  January 27, 2020