[Docket No. 23]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| THERESA TRIOLA, | |
| Plaintiff | |
| v. | No. 20-886 (RMB/SAK) |
| AFSCME NEW JERSEY COUNCIL 63, et al., | OPINION |
| Defendants. | |

**APPEARANCES:**

David R. Castellani
Castellani Law Firm, LLC
450 Tilton Road
Suite 245
Northfield, NJ 08225
   *On Behalf of Plaintiff*

Paul L. Kleinbaum
Zazzali, Fagella, Nowak, Kleinbaum & Friedman, PC
570 Broad Street - Suite 1402
Newark, NJ 07102
   *On behalf of Defendants*

**RENÉE MARIE BUMB**, **United States District Judge**

This matter comes before the Court upon Plaintiff Theresa Triola's ("Plaintiff") Motion for Reconsideration. [Docket No. 23.] On December 11, 2020, the Court granted Defendants AFSCME New Jersey Council 63's ("AFSCME"), Steve Tully's ("Tully"), and Debbie Parks's ("Parks") (collectively "Defendants")[1] Partial Motion to Dismiss. [Docket Nos. 21 and 22]. In that Order [Docket No. 22], the Court dismissed Counts Two and Three

---
[1] Defendant AFSCME New Jersey Staff Association (ANJSA) is not a party to Count Two of the Complaint.

in their entirety and dismissed Count One as to Defendants Parks and Tully. [Id.] Plaintiff now seeks reconsideration of the Court's Order on Count Two only. For the reasons set forth herein, Plaintiff's Motion for Reconsideration will be denied.

I.      **FACTUAL BACKGROUND**

The Court previously detailed the factual background of this dispute in its Opinion concerning Defendants' Motion to Dismiss. [See Docket No. 21]. It will now address only the facts relevant to Plaintiff's current motion.

Plaintiff argues that her suspension and termination from her job constitutes a violation of public policy pursuant to Pierce v. Ortho Pharm. Corp., 84 N.J. 58 (1980). [Docket No. 1, at 10 ¶ 4.] More specifically, Plaintiff contends that Defendants suspended[2] and terminated her employment in retaliation for her actions in representing public employee union members in collectively bargaining, filing grievances, and otherwise exercising their right to union representation. [Docket No. 1, at 10 ¶ 2.] This, Plaintiff claims, violates public policy as stated in the New Jersey Constitution and other laws. [Id.]

The Court dismissed this Count. [Docket Nos. 21 and 22.] It found that Plaintiff failed to sufficiently allege that Defendants acted "contrary to a clear mandate of policy" when they suspended and terminated her. [Docket No. 21, at 7-8.] Plaintiff's instant motion asks the Court to reconsider her Pierce Claim, and she contends that the Court overlooked clear public policy related to her termination. [Docket No. 23.]

---

[2] Pierce claims have historically been limited to wrongful termination of an employee against public policy, and Plaintiff has not presented an argument that a Pierce claim can be asserted for other less severe disciplinary actions such as suspension. See Pierce, 84 N.J. 58. The Court will not reach this issue, because regardless of its resolution Plaintiff has failed to allege that either her suspension or termination were in violation of public policy.

## II.   LEGAL STANDARD

In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i), which provides:

> Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

The purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact. Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). Accordingly, the party seeking reconsideration must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. Here, Plaintiff argues that reconsideration is warranted under the third prong, because the Court overlooked a relevant precedential decision in granting the Motion to Dismiss. [Docket No. 23.]

## III.   DISCUSSION

As noted above, Plaintiff's motion concerns only her Pierce claim. The Court dismissed this Count after finding that Plaintiff failed to identify any clear mandate of public policy that Defendants violated in suspending and terminating her. Now, Plaintiff argues that the Court erred in dismissing her Pierce claim because it overlooked the precedential decision Radwan v. Beecham Labs., a Div. of Beecham, Inc., 850 F.2d 147 (3d Cir. 1988).

3

Specifically, Plaintiff contends that, in Radwan, the Third Circuit held that N.J. Const. art. 1 § 19 guarantees "employees in private employment the right to organize and bargain collectively" and that this constitutional right is "a prime expression of public policy." [Docket No. 23-3, at 7 (quoting Radwan, 850 F.2d at 151-52).]

Plaintiff is correct that the New Jersey Constitution guarantees a right of employees to organize and bargain collectively, and that this right, as expressed in the state constitution, is a prime expression of public policy. Radwan, 850 F.2d at 151-52. But Plaintiff has not alleged that Defendants terminated her employment for exercising these rights. Instead, Plaintiff solely alleges that she was suspended for insubordination and unsatisfactory job performance. [Docket No. 1, at 4-5 ¶ 18.] Specifically, Plaintiff explains that her suspension stemmed from her supervisors' dissatisfaction with how she scheduled a job action on behalf of union members that AFSCME represented, and that she was terminated because she circumvented AFSCME's grievance policy by contacting AFSCME board members directly. [Docket No. 1, at 5-6 ¶ 20-23]. Thus, Plaintiff's own Complaint asserts that Defendants suspended and terminated her employment due to her insubordination and poor job performance, and not to interfere with her, or another's, right to organize and bargain collectively.

Moreover, that Plaintiff was an employee of a union does not mean that every action she performed is constitutionally protected. Plaintiff's work in scheduling a job action for AFSCME members was not related to her right to unionize and bargain collectively, but was simply Plaintiff performing job functions as an employee. Likewise, she does not allege that she was asked to interfere in another union member's right to do the same, as was alleged in Radwan. Indeed, Plaintiff is conflating the fact that her employment involved

representing union members with her own right to unionize and collectively bargain. In its earlier decision, the Court noted that "Plaintiff has failed to state any violation of a clear mandate of public policy that applies to her." [Docket No. 21, at 8.] By this, the Court meant that Plaintiff failed to allege that she was terminated for <u>participating</u> in union activity, and that she failed to identify a violation of clear public policy <u>that applies to her</u>. Plaintiff also failed to allege that she was terminated in retaliation for her refusal to violate the rights of others, as was the case in <u>Radwan</u>. This holding was, and remains, consistent with <u>Radwan</u> and all other precedential cases.[3]

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion for Reconsideration is denied. An accompanying Order shall issue.

Date: July 27, 2021

s/ Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

---

[3] Although the Court did not explicitly cite <u>Radwan</u> in its earlier Opinion, the Court did consider this case in reviewing Plaintiff's brief in opposition, and citation was not required. See, e.g., <u>Hackensack Riverkeeper, Inc. v. Del. Otsego Corp.</u>, 2007 WL 1749963 (D.N.J. June 15, 2007) (stating that a court need not explicitly cite, reference, or analyze a case to have considered it.).